**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| PHILIP GOODLOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO: |
| ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR DAMAGES**

Comes now the Plaintiff, PHILIP GOODLOE, by counsel, Randy K. Fleming, of SARKISIAN, SARKISIAN & ASSOCIATES, P.C. and for his cause of action against the Defendant, UNITED STATES POSTAL SERVICE, alleges and states as follows:

1. That the events complained of herein occurred within the territorial boundaries of the County of Porter County, Indiana.

2. That PHILIP GOODLOE is an adult individual who resides in LaPorte County, State of Indiana.

3. That upon information and belief, the UNITED STATES POSTAL SERVICE, is a federal agency.

4. That on or about December 2, 2019, at approximately 3:07 p.m., the Plaintiff, PHILIP GOODLOE, was driving his motor vehicle northbound on State Road 2 at its nearest intersection with CR600N.

5. That on said date and time, MICHELLE BRANNAM, was an employee of the Defendant, UNITED STATES POSTAL SERVICE.

6. That on said date and time, MICHELLE BRANNAM, was operating her vehicle as an employee while working for the Defendant, UNITED STATES POSTAL SERVICE and in accordance 28 USCS § 2671.

7. Pursuant to 28 USCS 1346(B) subject to provisions of 28 USCS 171, this court has original jurisdiction.

8. Plaintiff, PHILIP GOODLOE, has complied with the Federal Tort Claim Procedure and the Defendant, UNITED STATES POSTAL SERVICE has denied his claim. [See Ex. 1 attached to this complaint].

9. Subject to and in accordance with 28 U.S.C. 2679(b), Plaintiff, PHILIP GOODLOE, now brings this action against Defendant, UNITED STATES POSTAL SERVICE.

## **COUNT I- NEGLIGENCE**

10. That the Plaintiff, by reference, hereby incorporates rhetorical paragraphs 1-9 above, as if fully set forth herein.

11. That on said date and time, the Defendant's employee, Michelle L. Brannam, was operating her motor vehicle south bound on State Road 2.

12. That on said date and time, the Defendant's employee, Michelle Brannam, attempted to complete a u-turn to head North on State Road 2 and collided into Plaintiff's vehicle.

13. That as a result of the motor vehicle collision, the Plaintiff, PHILIP GOODLOE, sustained bodily injuries and other damages, including but not limited to medical bills, medical treatment, pain and suffering, mental and emotional damages, potential for future medical bills, and other injuries or conditions, some or all of which are permanent.

14. That the direct and proximate cause of such injuries and/or damages was the acts or omissions of the Defendant, UNITED STATES POSTAL SERVICE and/or their employee.

15. That at the time of the subject incident, the Defendant's employee, Michelle Brannam, had a duty to the general public and others utilizing the roadway, including the Plaintiff.

16. That the Defendant, and Defendant's employee, breached said duty, and was careless, negligent, and reckless in the operation of her vehicle in one or more of the following ways:

   a. Failing to maintain proper control of her vehicle;

   b. Failing to operate her vehicle in a safe and reasonable manner;

   c. Failing to take evasive maneuvers in order to avoid a collision;

   d. Operated her vehicle aggressively and without regard for the health and safety of others upon the roadway;

   e. Failing to keep a proper look out for warnings, other vehicles, and obstructions;

   f. Failing to ensure that she had adequate line-of-sight of other vehicle and obstructions in her path;

   g. Failing to maintain proper speed given the immediate circumstances; and/or

   h. Failed to properly maintain her automobile in a safe and reasonable condition for use on the roadways;

17. That the direct and proximate cause of the injuries and damages incurred by the Plaintiff, was the carelessness, negligence and recklessness of the Defendant, UNITED STATES POSTAL SERVICE and their employee Michelle Brannam.

WHEREFORE, Plaintiff prays for judgment against the Defendant, UNITED STATES POSTAL SERVICE, for damages determined herein, for the costs of this action, attorney fees and costs, prejudgment interest, post judgment interest, and for all other just and proper relief in the premises.

Respectfully Submitted:

/s/ Randy K. Fleming
Randy K. Fleming, #17321-64
SARKISIAN SARKISIAN & ASSOCIATES, P.C.
6165 Central Avenue
Portage, IN 46368
Ph. (219) 762-7718
Randy@sarklawfirm.com
Attorney for Plaintiff

LAW DEPARTMENT
NATIONAL TORT CENTER


UNITED STATES POSTAL SERVICE

**CERTIFIED NO: 7020 2450 0001 4682 3998**
**RETURN RECEIPT REQUESTED**

January 21, 2021

Randy K. Fleming
Sarkisian Sarkisian & Associates
6165 Central Avenue
Portage, IN 46368

RE:   Your Client:         Philip Goodloe
      Date of Incident:    December 2, 2019
      NTC Claim No.:       NT202042036

Dear Mr. Fleming:

This is in reference to the administrative claim you filed on behalf of the above-referenced claimant under the provisions of the Federal Tort Claims Act, as a result of injuries allegedly sustained on or about December 2, 2019.

Unfortunately, we have been unable to reach a mutually satisfactory resolution of this matter in the administrative claim process. Accordingly, the claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

1720 Market Street, Room 2400
ST. LOUIS, MO 63155-9948
TEL: 314/345-5820
FAX: 314/345-5893

**Exhibit 1**

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

*Meghan Shaver*

Meghan Shaver
Attorney


cc:  Angela Watkins
     A/Tort Claims Coordinator
     Case No. 460-20-00457545A